IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHARLES RAY CRAWFORD                                                    PETITIONER

v.                                                    Cause No. 3:17-CV-105-SA-DAS

COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS
EARNEST LEE,
SUPERINTENDENT, MISSISSIPPI STATE PENITENTIARY                RESPONDENTS

ORDER

After entering an Order and Memorandum Opinion [20] in this case, the Court, on October 9, 2020, granted the Petitioner a Certificate of Appealability [22]. Now before the Court is the Respondents' Motion to Clarify [23], wherein the Respondents request that the Court clarify which of the thirteen grounds for relief raised in the Petition for Writ of Habeas Corpus the Petitioner is permitted to appeal.

As noted above, the Petitioner raised thirteen grounds for relief in his Petition [1]. The Court addressed each of those grounds in its Order and Memorandum Opinion. For the sake of clarity, the Court hereby specifically finds that the applicant has made a substantial showing of the denial of a constitutional right as to all thirteen grounds which he raised. The Petitioner is granted a certificate of appealability on all thirteen grounds. The Court will set forth below the specific grounds, as they were framed in the Court's Order and Memorandum Opinion:

> (A) GROUND ONE – THE PETITIONER ARGUES THAT THE TRIAL COURT VIOLATED HIS RIGHTS WHEN IT DENIED HIS REQUEST FOR FUNDS FOR EXPERT PSYCHIATRIC ASSISTNACE TO AID WITH THE PREPARATION AND PRESENTATION OF AN INSANITY DEFENSE
>
> (B) GROUND TWO – THE PETITIONER ARGUES HIS RIGHT TO EFFECTIVE ASSISTANCE WAS VIOLATED WHEN APPELLATE COUNSEL

1

NEGLECTED TO RAISE AS ERROR ON DIRECT APPEAL THE TRIAL COURT'S VIOLATION OF PETITIONER'S RIGHT TO INDEPENDENT EXPERT ASSISTANCE

(C) GROUND THREE – THE PETITIONER ARGUES HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN TRIAL COUNSEL FAILED TO INVESTIGATE AND PRESENT EXPERT TESTIMONY IN SUPPORT OF THE INSANITY DEFENSE

(D) GROUND FOUR – THE PETITIONER ARGUES HIS RIGHT TO EFFECTIVE ASSISTANCE WAS VIOLATED WHEN TRIAL COUNSEL FAILED TO PRESENT A COHERENT THEORY OF DEFENSE

(E) GROUND FIVE – THE PETITIONER ARGUES HIS RIGHT TO EFFECTIVE ASSISTANCE WAS VIOLATED WHEN TRIAL COUNSEL MADE PREJUDICIAL STATEMENTS ABOUT HIM THROUGHOUT TRIAL

(F) GROUND SIX – THE PETITIONER ARGUES HIS RIGHTS WERE VIOLATED WHEN IT TOOK MORE THAN TWENTY YEARS TO DOCKET HIS DIRECT APPEAL

(G) GROUND SEVEN – THE PETITOINER ARGUES HIS RIGHTS TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED WHEN THE TRIAL COURT ALLEGEDLY FORCED TRIAL COUNSEL TO REPRESENT HIM DESPITE WHAT HE DESCRIBES AS A CONFLICT OF INTEREST

(H) GROUNDS EIGHT AND NINE – THE PETITIONER ARGUES THAT VARIOUS RIGHTS WERE VIOLATED WHEN THE STATE'S PSYCHIATRIC EXPERTS WERE PERMITTED TO EVALUATE HIM AND OFFER REBUTTAL TESTIMONY AND WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE INTRODUCTION OF THAT TESTIMONY

(I) GROUND TEN – THE PETITIONER ARGUES THE TRIAL COURT VIOLATED HIS CONSTITUTIONAL RIGHTS WHEN IT IMPROPERLY SHIFTED THE BURDEN OF PROOF TO HIM

(J) GROUND ELEVEN – THE PETITIONER ARGUES THE TRIAL COURT VIOLATED HIS CONSTITUTIONAL RIGHTS WHEN IT PROHIBITED HIM FROM TESTIFYING TO HIS THEORY OF DEFENSE

(K) GROUND TWELVE – THE PETITIONER ARGUES HIS CONSTITUTIONAL RIGHTS WERE VIOLATED BY PROSECUTORIAL MISCONDUCT

(L) GROUND THIRTEEN – THE PETITIONER ARGUES THE COURT

VIOLATED HIS CONSTITUTIONAL RIGHTS WHEN IT GAVE THE JURY AN IMPROPER FLIGHT INSTRUCTION

As noted above, the Petitioner is granted a Certificate of Appealability as to all of these grounds.

SO ORDERED, this the 22nd day of October, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE